Bryan J. Schwartz (CA State Bar No. 209903)
schwartz@nka.com
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center Ste. 720
San Francisco, CA 94111
Telephone: 415-277-7235
Facsimile: 415-277-7238

Additional Counsel Listed on the Following Page
Attorneys for Plaintiffs and the Putative Class

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Camila Dizon, Setyan Vahan, Darius Brown, Terry Chang, Joel Carlucci, Fernando Ceasar Del Campo and Antoinette Washington. on behalf of themselves and classes of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, and DOES 1- 10, <br><br> Defendants. | **COLLECTIVE ACTION** <br><br> **COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** <br><br> **Violation of Fair Labor Standards Act, 29 U.S.C. Section 201 et seq.** <br><br> **DEMAND FOR JURY TRIAL** <br><br> CV08-02435 GPS PJWx |

1
2
3
4
5

Toni J. Jaramilla (CA State Bar No. 174625)
toni@tjjlaw.com
LAW OFFICES OF TONI JARAMILLA
10100 Santa Monica Blvd, Suite 300
Los Angeles, CA 90067
Telephone: 310-551-3019
Facsimile: 310-551-3019

6
7
8
9
10
11
12
13

Donald H. Nichols (MN State Bar No. 78918)
nichols@nka.com
(***pro hac vice*** application forthcoming)
Paul J. Lukas(MN State Bar No. 22084X)
lukas@nka.com
(***pro hac vice*** application forthcoming)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-215-6870

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-2-

**PRELIMINARY STATEMENT**

1.   This is a collective action brought by Individual and Representative Plaintiffs Camila Dizon, Vahan Setyan, Darius Brown, Terry Chang, Joel Carlucci, Fernando Ceasar Del Campo, Ziad Alsibai and Antoinette Washington (collectively "Plaintiffs"), on their own behalf and on behalf of the proposed class identified below. Plaintiff and the putative class members were or are employed by Defendants Wells Fargo Financial, Inc. and Wells Fargo Financial California Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, and certain Doe Defendants, or their predecessors-in-interest, as "credit managers," "senior credit managers," "assistant managers," and/or "loan processors." Plaintiff and the putative class members are or were covered, non-exempt employees under Fair Labor Standards Act ("FLSA") and entitled to overtime pay consistent with the requirements of this law. As current/former credit managers, senior credit managers, assistant managers, and loan processors under a particular management chain, these employees are/were similarly-situated under the FLSA, 29 U.S.C. § 216(b).

2.   The Collective Class is made of all persons who did not sign valid and binding arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of California under the same first-, second-, and third-level managers, as the named Plaintiff at any time within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").[1]

3.   During the Collective Class Period, Defendants failed to pay appropriate overtime compensation to each member of the Collective Class as

---

[1] Pursuant to an order of the Court in the related matter of **Castle, et al., v. Wells Fargo Financial, Inc., et al.,** Case No. 3:06-cv-4347 (N.D. Cal. 2008) (Illston, J.) which has preclusive, collateral estoppel effect here, Plaintiffs and the putative class members will have the statute of limitations tolled for specified periods of time.

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

required by federal law.  Plaintiffs seek relief for the Collective Class under the Fair Labor Standards Act, to remedy Defendants' failure to pay all wages due, pay appropriate overtime compensation, and follow the FLSA's recordkeeping requirements, in addition to injunctive relief.[2]

## THE PARTIES

4.     Individual and representative Plaintiff Camila Dizon resides in Canoga Park, California (Los Angeles County). She was employed by Defendant as a Credit Manager from approximately July 2005 to approximately March 2006 in San Fernando and Northridge, California (Los Angeles County). Plaintiff Dizon is a member of the Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

5.     Individual and representative Plaintiff Vahan Setyan resides in Glendale, California (Los Angeles County). He was employed by Defendant as a Senior Credit Manager from approximately July 2001 to approximately August 2003 in Burbank, California (Los Angeles County). Plaintiff Setyan is a member of a Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

6.     Individual and representative Plaintiff Darius Brown currently resides in Henderson, Nevada (Henderson Clark County). He was employed by Defendant as a Credit Manager from approximately June 2004 to approximately December 2004 in Northridge, California (Los Angeles County). Plaintiff Brown is a member of a Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

7.     Individual and representative Plaintiff Terry Chang resides in San Clemente, California (Orange County). He was employed by Defendant as a Credit

---

[2] Plaintiffs' meal and rest period claims and other California state claims are encompassed in the **Castle** matter (**see supra**). If a statewide class is not certified in **Castle**, then named and opt-in Plaintiffs in this matter will seek to assert their California claims here.

Manager from approximately June 2005 to approximately May 2006, and as a Senior Credit Manager from approximately May 2006 to approximately January 2007, in Mission Viejo, California (Orange County). Plaintiff Chang is a member of a Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

8.      Individual and representative Plaintiff Joel Carlucci currently resides in San Diego, California (San Diego County). He was employed by Defendant as a Credit Manager from approximately June 2005 to approximately September 2005 in Costa Mesa, California (Orange County), and as a Credit Manager from approximately October 2005 to approximately January 2006 in Huntington Beach, California (Orange County). Plaintiff Carlucci is a member of a Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

9.      Individual and representative Plaintiff Fernando Ceasar Martin Del Campo resides in Huntington Beach, California (Orange County). He was employed by Defendant as a Credit Manager from approximately October 2005 to approximately June 2006 in Santa Ana, California (Orange County). Plaintiff Del Campo is a member of a Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

10. Individual and representative Plaintiff Antoinette Washington resides in Los Angeles, California (Los Angeles County). She was employed by Defendant as a Loan Processor from approximately September 2005 to approximately December 2005 in Canyon Country, California (Los Angeles County). Plaintiff Washington is a member of a Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

11. Individual and representative Plaintiff Ziad Alsibai resides in Playa Del Rey, California (Los Angeles County). He was employed by Defendant as a Credit

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

Manager from approximately May 2002 to approximately May 2004 in Riverside, California (Riverside County). Plaintiff Alsibai is member of Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

12.    Upon information and belief, Defendant Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, are companies doing business in and maintaining branches in the State of California, including facilities in Los Angeles, Riverside, and Orange Counties.

13.    Defendants Does 1-10, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiffs.  When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the putative class members herein alleged were proximately caused by such Defendants.

14.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representative partner, integrated enterprise with, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Defendants had interrelated operations, common management, centralized control of labor relations, and common financial control.  Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

15.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 201 **et seq.**  All of the individual and representative Plaintiffs have signed consent forms to join this lawsuit.

16.    Venue is proper in the United States District Court, Central District Court of California**,** pursuant to 28 U.S.C. § 1391, because Defendants operate facilities in Los Angeles, Riverside, and Orange Counties, and because a substantial part of the events giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

17.    Plaintiffs bring this action on behalf of themselves and other employees similarly-situated as authorized under FLSA, 29 U.S.C. § 216(b).  The employees similarly-situated are:

> **Collective Class:**   All persons who did not sign valid and binding arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of California under the same first-, second-, and third-level managers as the named Plaintiffs**,** at any time within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").[3]

18.    Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

19.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

20.    Upon information and belief, Defendants knew that Plaintiffs and the

---

[3] **See supra** Footnote 1.

-7-

Collective Class performed work that required overtime pay. Defendant have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

21.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

22.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly-situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)

23.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

24.     Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

25.     At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs and the Collective Class. At all relevant times, upon information and belief, each Defendant has had gross operating revenues in excess of $500,000.00.

-8-

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

26.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

27.     During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiffs and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

28.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, and 29 C.F.R. §516, **et seq**.

29.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30.     Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

31.     Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

32.     WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Collective Class, pray for relief as follows:

A.     That Defendants are found to have violated the overtime provisions of the Federal Fair Labor Standards Act as to Plaintiffs and the Collective Class;

B.     That Defendants are found to have violated the FLSA by failing to follow the FLSA's recordkeeping requirements;

C.     That Defendants' violations as described above are found to be willful;

D.     An award to Plaintiffs and the Collective Class for the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial;

E.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

33.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.


Dated: April 11, 2008            ___s/Bryan J. Schwartz_____
                                 Bryan J. Schwartz, CA State Bar No. 209903
                                 NICHOLS KASTER & ANDERSON, LLP
                                 One Embarcadero Center
                                 Ste. 720
                                 San Francisco, CA 94111


                                 Donald H. Nichols (MN State Bar No. 78918)
                                  (**pro hac vice** application forthcoming)
                                 Paul J. Lukas(MN State Bar No. 22084X)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(**pro hac vice** application forthcoming)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

Toni Jarmailla, CA State Bar No. 174625
LAW OFFICES OF TONI JARAMILLA
10100 Santa Monica Blvd, Suite 300
Los Angeles, CA 90067

Attorneys for Plaintiffs and the Putative Class

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

# Exhibit A



## CONSENT FORM AND DECLARATION

I hereby consent to join the lawsuit against Wells Fargo Financial as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the states where I worked for Wells Fargo Financial. During the past three years, there were occasions when I worked over 40 hours per week for Wells Fargo Financial and did not receive overtime compensation.

I worked for Wells Fargo Financial as a (please check all that apply):

REDACTED

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signature _____ 2/27/07
Date

Print Name    Terry Chang

REDACTED

**Fax or Mail To:**

Bryan Schwartz
Nichols Kaster & Anderson, LLP
One Embarcadero Center
301 Clay Street, Suite 720
San Francisco, CA 94111
FAX (415) 277-7238

NKA004274

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Joel Carlucci**

REDACTED

Signature

REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

NKA004376

## CONSENT FORM AND DECLARATION

I hereby consent to join the lawsuit against Wells Fargo Financial as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the states where I worked for Wells Fargo Financial. During the past three years, there were occasions when I worked over 40 hours per week for Wells Fargo Financial and did not receive overtime compensation.

I worked for Wells Fargo Financial as a (please check all that apply):

REDACTED

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____   3/31/07
Signature                                Date

Fernando Morin del Campo
Print Name

REDACTED

Fax or Mail To:

**Bryan Schwartz**
**Nichols Kaster & Anderson, PLLP**
**IDS Center, Suite 4600**
**80 South 8th Street**
**Minneapolis, MN 55402**
**FAX (612) 215-6870**

NKA004342

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Darius Brown

REDACTED

*Darius Brown*
Signature

REDACTED

**Mail or Fax to:**   **Fax: (612) 215-6870**
**Nichols Kaster Anderson, PLLP (Attn: Michele Fisher)**
**80 South 8th Street, Suite 4600, Minneapolis, MN 55402**
**Toll Free Telephone: (877) 448-0492**

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked

**Camila Dizon**

REDACTED

REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

NKA004378



## CONSENT FORM AND DECLARATION

I hereby consent to join the lawsuit against Wells Fargo Financial as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the states where I worked for Wells Fargo Financial. During the past three years, there were occasions when I worked over 40 hours per week for Wells Fargo Financial and did not receive overtime compensation.

I worked for Wells Fargo Financial as a (please check all that apply):

REDACTED

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____ 2/27/07
Signature                          Date

Terry Chang
Print Name

REDACTED

**Fax or Mail To:**

**Bryan Schwartz**
**Nichols Kaster & Anderson, LLP**
**One Embarcadero Center**
**301 Clay Street, Suite 720**
**San Francisco, CA 94111**
**FAX (415) 277-7238**

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Joel Carlucci**

REDACTED

Signature

REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

NKA004376

## CONSENT FORM AND DECLARATION

I hereby consent to join the lawsuit against Wells Fargo Financial as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the states where I worked for Wells Fargo Financial. During the past three years, there were occasions when I worked over 40 hours per week for Wells Fargo Financial and did not receive overtime compensation.

I worked for Wells Fargo Financial as a (please check all that apply):

REDACTED

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____  3/31/07
Signature                              Date

Fernando Marta del Campo
Print Name

REDACTED

Fax or Mail To:

**Bryan Schwartz**
**Nichols Kaster & Anderson, PLLP**
**IDS Center, Suite 4600**
**80 South 8th Street**
**Minneapolis, MN 55402**
**FAX (612) 215-6870**

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Darius Brown

REDACTED

*Darius Brown*
Signature

REDACTED

**Mail or Fax to:** **Fax: (612) 215-6870**
**Nichols Kaster Anderson, PLLP (Attn: Michele Fisher)**
**80 South 8th Street, Suite 4600, Minneapolis, MN 55402**
**Toll Free Telephone:  (877) 448-0492**

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Vahan Seytan

REDACTED

*If any of the above information has changed, please update.*

OCT 2 2 2007

Signature

REDACTED

Mail or Fax to:  Fax: (612) 215-6870
**Nichols Kaster Anderson, PLLP (Attn: Rachhana Srey)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone:  (877) 448-0492**

NKA015407

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.



Antoinette Marie Washington

REDACTED

*If any of the above information has changed, please update.*

_____
Signature

10-15-07
_____
Date

REDACTED

Mail or Fax to:   **Fax: (612) 215-6870**
**Nichols Kaster Anderson, PLLP (Attn: Rachhana Srey)**
**80 South 8th Street, Suite 4600, Minneapolis, MN 55402**
**Toll Free Telephone:  (877) 448-0492**

NKA015418

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment, there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.



Antoinette Marie Washington

REDACTED

*If any of the above information has changed, please update.*

Signature

10-15-07
Date

REDACTED

Mail or Fax to:  **Fax: (612) 215-6870**
**Nichols Kaster Anderson, PLLP (Attn: Rachhana Srey)**
**80 South 8th Street, Suite 4600, Minneapolis, MN 55402**
**Toll Free Telephone: (877) 448-0492**

NKA015418

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Vahan Seytan

REDACTED

*If any of the above information has changed, please update.*

OCT 2 2 2007

Signature

REDACTED

Mail or Fax to:   **Fax: (612) 215-6870**
**Nichols Kaster Anderson, PLLP (Attn: Rachhana Srey)**
**80 South 8th Street, Suite 4600, Minneapolis, MN 55402**
**Toll Free Telephone:  (877) 448-0492**

NKA015407

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George P. Schiavelli and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV08- 2435 GPS (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.