JOAN B. TUCKER FIFE (SBN: 144572)
  email: jfife@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 300
San Francisco, CA 94111
Telephone: 415-591-1000
Facsimile: 415-591-1400

JESSIE A. KOHLER (SBN: 179363)
  email: jkohler@winston.com
EMILIE C. WOODHEAD (SBN: 240464)
  email: ewoodhead@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Attorneys for Defendants
WELLS FARGO FINANCIAL, INC. and
WELLS FARGO FINANCIAL CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Camila Dizon, Setyan Vahan, Darius Brown, Terry Chang, Joel Carlucci, Fernando Ceasar Del Campo and Antoinette Washington on behalf of themselves and classes of those similarly situated, <br><br>                    Plaintiffs, <br> vs. <br><br> Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, and DOES 1-10, <br><br>                    Defendants. | Case No. CV08-02435 GPS BJWx <br><br> **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> **The Honorable George P. Schiavelli** <br><br> Date Action Filed: April 14, 2008 |

Defendants Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc. ("Defendants"), in response to Plaintiff Camila Dizon, Setyan Vahan, Darius Brown, Terry Chang, Joel Carlucci, Fernando Ceasar Del Campo, and Antoinette Washington ("Plaintiffs") First Amended Complaint, admit, deny and allege as follows:

## PRELIMINARY STATEMENT

1. Defendants admit that Plaintiffs purport to bring a class action and collective action on behalf of the putative class members defined in Paragraph 1 of the First Amended Complaint. Defendants deny any and all allegations in Paragraph 1 of the First Amended Complaint not expressly admitted.

2. Defendants admit that Plaintiffs purport to bring a collective action on behalf of the putative class members defined in Paragraph 2 of the First Amended Complaint. Defendants deny any and all allegations in Paragraph 2 of the First Amended Complaint not expressly admitted.

3. Defendants admit that Plaintiffs purport to bring a Rule 23 class action on behalf of the putative class members defined in Paragraph 3 of the First Amended Complaint. Defendants deny any and all allegations in Paragraph 3 of the First Amended Complaint not expressly admitted.

4. Defendants admit that Plaintiffs purport to bring these actions on behalf of a putative class and putative collective class and seek the relief set forth in Paragraph 4. Defendants deny any and all allegations in Paragraph 4 of the First Amended Complaint not expressly admitted.

## THE PARTIES

5. Defendants admit that Plaintiff Camila Dizon was employed by Wells Fargo Financial California, Inc. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Individual and representative Plaintiff Camila Dizon resides in Canoga Park, California (Los Angeles County)."

1  Defendants deny any and all allegations in Paragraph 5 of the First Amended
2  Complaint not expressly admitted.
3      6.   Defendants lack knowledge or information sufficient to form a belief as
4  to the truth of the allegations that "Individual and representative Plaintiff Vahan
5  Setyan resides in Glendale, California (Los Angeles County)." Defendants deny any
6  and all allegations in Paragraph 6 of the First Amended Complaint not expressly
7  admitted.
8      7.   Defendants admit that Plaintiff Darius Brown was employed by Wells
9  Fargo Financial California, Inc. Defendants lack knowledge or information sufficient
10 to form a belief as to the truth of the allegations that "Individual and representative
11 Plaintiff Darius Brown resides in Henderson, Nevada (Henderson Clark County)."
12 Defendants deny any and all allegations in Paragraph 7 of the First Amended
13 Complaint not expressly admitted.
14     8.   Defendants admit that Plaintiff Terry Chang was employed by Wells
15 Fargo Financial California, Inc. Defendants lack knowledge or information sufficient
16 to form a belief as to the truth of the allegations that "Individual and representative
17 Plaintiff Terry Chang resides in San Clemente, California (Orange County)."
18 Defendants deny any and all allegations in Paragraph 8 of the First Amended
19 Complaint not expressly admitted.
20     9.   Defendants admit that Plaintiff Joel Carlucci was employed by Wells
21 Fargo Financial California, Inc. Defendants lack knowledge or information sufficient
22 to form a belief as to the truth of the allegations that "Individual and representative
23 Plaintiff Joel Carlucci resides in San Diego, California (San Diego County)."
24 Defendants deny any and all allegations in Paragraph 9 of the First Amended
25 Complaint not expressly admitted.
26     10.  Defendants admit that Plaintiff Fernando Cesar Martin del Campo was
27 employed by Wells Fargo Financial California, Inc. Defendants lack knowledge or
28 information sufficient to form a belief as to the truth of the allegations that "Individual

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

and representative Plaintiff Fernando Cesar Martin del Campo resides in Huntington Beach, California (Orange County)." Defendants deny any and all allegations in Paragraph 10 of the First Amended Complaint not expressly admitted.

11.   Defendants admit that Plaintiff Antoinette Washington was employed by Wells Fargo Financial California, Inc. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Individual and representative Plaintiff Antoinette Washington resides in Los Angeles, California (Los Angeles County)." Defendants deny any and all allegations in Paragraph 11 of the First Amended Complaint not expressly admitted.

12.   Because Ziad Alsibai is not listed as a Plaintiff on the caption page and has not opted-into this lawsuit, Defendants contend that Ziad Alsibai is not an individual or representative Plaintiff in this action, and decline to admit any facts related to alleged employment with Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Individual and representative Plaintiff Ziad Alsibai resides in Playa del Rey, California (Los Angeles County)." Defendants deny any and all allegations in Paragraph 12 of the First Amended Complaint not expressly admitted.

13.   Defendants admit that Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc. are companies doing business in the State of California, including facilities in Los Angeles, Riverside, and Orange Counties. Defendants deny any and all allegations in Paragraph 13 of the First Amended Complaint not expressly admitted.

14.   To the extent Paragraph 14 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 14 of the First Amended Complaint not expressly admitted. There are no "Doe" defendants in federal court.

15. To the extent Paragraph 15 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 15 of the First Amended Complaint not expressly admitted.

## JURISDICTION AND VENUE

16. Defendants admit that this Court has subject matter jurisdiction over actions brought under the FLSA, 29 U.S.C. § 201 *et seq.* Defendants deny any and all allegations in Paragraph 16 of the First Amended Complaint not expressly admitted.

17. Defendants admit that there is a Wells Fargo Financial office in Los Angeles, Riverside, and Orange Counties in California. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations that "a substantial part of the events giving rise to the claims occurred in this district." Defendants deny any and all allegations in Paragraph 17 of the First Amended Complaint not expressly admitted.

## COLLECTIVE ACTION ALLEGATIONS

18. Defendants admit that Plaintiff purports to bring a collective action on behalf of the putative class defined in Paragraph 18 of the First Amended First Amended Complaint. Defendants deny any and all allegations in Paragraph 18 of the First Amended Complaint not expressly admitted.

19. Defendants deny the allegations in Paragraph 19 of the First Amended Complaint.

20. Defendants deny the allegations in Paragraph 20 of the First Amended Complaint.

21. Defendants deny the allegations in Paragraph 21 of the First Amended Complaint.

22. Defendants deny the allegations in Paragraph 22 of the First Amended Complaint.

1  23. Defendants deny the allegations in Paragraph 23 of the First Amended Complaint.

## CALIFORNIA CLASS ALLEGATIONS

24. Defendants admit that Plaintiff purports to bring a class action on behalf of the putative class defined in Paragraph 24 of the First Amended Complaint. Defendants deny any and all allegations in Paragraph 24 of the First Amended Complaint not expressly admitted.

25. To the extent Paragraph 25 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 22 of the First Amended Complaint not expressly admitted.

26. To the extent Paragraph 26 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 26 of the First Amended Complaint not expressly admitted.

27. To the extent Paragraph 27 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 20 of the First Amended Complaint not expressly admitted.

28. To the extent Paragraph 28 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 28 of the First Amended Complaint not expressly admitted.

29. To the extent Paragraph 29 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 29 of the First Amended Complaint not expressly admitted.

30. To the extent Paragraph 30 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 30 of the First Amended Complaint not expressly admitted.

31. To the extent Paragraph 31 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 31 of the First Amended Complaint not expressly admitted.

32. Defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 32, and on that basis, denies them.

### FIRST CLAIM FOR RELIEF

33. In answering the allegations of Paragraph 33 of the First Amended Complaint, Defendants restate and incorporates by reference its responses to Paragraphs 1-32.

34. To the extent Paragraph 27 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 27 of the First Amended Complaint not expressly admitted.

35. Defendants admit that they have "employed and continues to employ employees." Defendants admit that at all relevant times they have had gross operating revenues in excess of $500,000.00. To the extent that the remaining allegations of Paragraph 35 state conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 35 of the First Amended Complaint not expressly admitted.

36. To the extent Paragraph 36 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 36 of the First Amended Complaint not expressly admitted.

37. Defendants deny the allegations in Paragraph 37 of the First Amended Complaint.

38. To the extent Paragraph 38 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 38 of the First Amended Complaint not expressly admitted.

39. To the extent Paragraph 39 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 39 of the First Amended Complaint not expressly admitted.

40. Defendants admits that Plaintiff seeks the relief set forth in Paragraph 40. To the extent Paragraph 40 states conclusions of law, no response is required. To the

extent any response is required, Defendants deny the allegations in Paragraph 40 of the First Amended Complaint not expressly admitted.

41.  Defendants admit that Plaintiff seeks the relief set forth in Paragraph 41. To the extent Paragraph 41 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 41 of the First Amended Complaint not expressly admitted.

## SECOND CLAIM FOR RELIEF

42.  In answering the allegations of Paragraph 42 of the First Amended Complaint, Defendants restate and incorporates by reference its responses to Paragraphs 1-41.

43.  To the extent Paragraph 43 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 43 of the First Amended Complaint not expressly admitted.

44.  Defendants deny the allegations in Paragraph 44 of the First Amended Complaint.

45.  Defendants deny the allegations in Paragraph 45 of the First Amended Complaint.

46.  Defendants admit that Plaintiff seeks the relief set forth in Paragraph 46. To the extent Paragraph 46 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 46 of the First Amended Complaint not expressly admitted.

47.  Defendants admit that Plaintiff seeks the relief set forth in Paragraph 47. To the extent Paragraph 47 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 47 of the First Amended Complaint not expressly admitted.

## THIRD CLAIM FOR RELIEF

48. In answering the allegations of Paragraph 48 of the First Amended Complaint, Defendants restate and incorporates by reference its responses to Paragraphs 1-47.

49. To the extent Paragraph 49 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 49 of the First Amended Complaint not expressly admitted.

50. To the extent Paragraph 50 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 50 of the First Amended Complaint not expressly admitted.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "[m]ore than thirty days have passed since certain California Rule 23 Class Members left Defendants' employ." Defendants deny any and all allegations in Paragraph 51 of the First Amended Complaint not expressly admitted.

52. To the extent Paragraph 52 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 52 of the First Amended Complaint not expressly admitted.

## FOURTH CLAIM FOR RELIEF

53. In answering the allegations of Paragraph 53 of the First Amended Complaint, Defendants restate and incorporates by reference its responses to Paragraphs 1-52.

54. To the extent Paragraph 54 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 54 of the First Amended Complaint not expressly admitted.

55. Defendants admit that Plaintiff seeks the relief set forth in Paragraph 55. To the extent Paragraph 55 states conclusions of law, no response is required. To the

extent any response is required, Defendants deny the allegations in Paragraph 55 of the First Amended Complaint not expressly admitted.

### FIFTH CLAIM FOR RELIEF

56. In answering the allegations of Paragraph 56 of the First Amended Complaint, Defendants restate and incorporates by reference its responses to Paragraphs 1-55.

57. To the extent Paragraph 57 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 57 of the First Amended Complaint not expressly admitted.

58. To the extent Paragraph 58 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 58 of the First Amended Complaint not expressly admitted.

59. To the extent Paragraph 59 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 59 of the First Amended Complaint not expressly admitted.

60. To the extent Paragraph 60 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 60 of the First Amended Complaint not expressly admitted.

61. To the extent Paragraph 61 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 61 of the First Amended Complaint not expressly admitted.

### PLAINTIFF'S PRAYER FOR RELIEF

62. Defendants deny that Plaintiff is entitled to any of the requested forms of relief on any basis whatsoever. Any allegation in Plaintiff's First Amended Complaint not specifically admitted above is denied.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

63. Defendants admit that Plaintiff demands a trial by jury. To the extent Paragraph 63 states conclusions of law, no response is required. To the extent any

response is required, Defendants deny the allegations in Paragraph 63 of the First Amended Complaint not expressly admitted.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

### (Failure Of Facts To State A Cause Of Action)

1. The First Amended Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

### (Waiver)

2. The First Amended Complaint, and each purported cause of action alleged therein, is barred by the doctrine of waiver.

### THIRD ADDITIONAL DEFENSE

### (Estoppel)

3. The First Amended Complaint, and each purported cause of action alleged therein, is barred by the doctrine of estoppel.

### FOURTH ADDITIONAL DEFENSE

### (Laches)

4. The First Amended Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

### FIFTH ADDITIONAL DEFENSE

### (Unclean Hands)

5. Plaintiff is barred from maintaining the First Amended Complaint and each purported cause of action alleged therein as a result of their unclean hands with respect to the events upon which the First Amended Complaint and purported claims for relief allegedly are based.

## SIXTH ADDITIONAL DEFENSE

### (Statute of Limitations)

6. Plaintiff's claims are barred, in whole or in part, by operation of applicable statutes of limitations.

## SEVENTH ADDITIONAL DEFENSE

### (Contribution by Plaintiff's Own Acts)

7. If the injuries and/or damages alleged in the First Amended Complaint occurred, such injuries were proximately caused by and/or were contributed to by Plaintiff's own acts or failures to act.

## EIGHTH ADDITIONAL DEFENSE

### (Failure to State Facts Warranting Class Certification)

8. Plaintiff's allegations that this action should be certified as a class action and a collective action are barred by Plaintiff's failure to allege facts sufficient to warrant certification.

## NINTH ADDITIONAL DEFENSE

### (Collateral Estoppel)

9. Plaintiff's claims are barred in whole or in part by the doctrine of collateral estoppel, to include, without limitation, inappropriate claims splitting.

## TENTH ADDITIONAL DEFENSE

### (Res Judicata)

10. Plaintiff's claims are barred in whole or in part by the doctrine of res judicata, to include, without limitation, inappropriate claims splitting.

## ELEVENTH ADDITIONAL DEFENSE

### (Conduct Not Knowing or Intentional)

11. Plaintiff's claims for penalties for purportedly providing employees with inaccurate statements of wages earned and deductions taken are barred insofar as Defendants' conduct, as alleged in the First Amended Complaint, was neither knowing nor intentional.

## TWELFTH ADDITIONAL DEFENSE

## (No Knowledge of "Off the Clock" Work)

12. Plaintiff's claims for unpaid wages are barred on the ground that Defendants had no actual or constructive knowledge that Plaintiffs worked hours for which they were not compensated, as alleged in the First Amended Complaint.

## THIRTEENTH ADDITIONAL DEFENSE

## (Good Faith --29 U.S.C. § 259)

13. Plaintiff's claims are barred in whole or in part because, pursuant to 29 U.S.C. § 259, Defendants' act or omission, if any, complained of by Plaintiff, was in good faith and conformity with, and in reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor or an administrative practice or enforcement policy of the Department of Labor agency with respect to the class of employers to which Defendants belong.

## FOURTEENTH ADDITIONAL DEFENSE

## (Lack of Willfulness)

14. Defendants' actions or omissions were not willful within the meaning of applicable law.

## FIFTEENTH ADDITIONAL DEFENSE

## (No Liquidated Damages/Good Faith Reasonable Belief)

15. Plaintiff's claims for liquidated damages are barred in whole or in part because Defendants' act or omission, if any, in not paying overtime was in good faith and Defendants had reasonable grounds for believing that its act or omission, if any, was not a violation of any applicable law.

## SIXTEENTH ADDITIONAL DEFENSE

## (In Pari Delicto)

16. The First Amended Complaint, and each purported cause of action alleged therein, is barred by the doctrine of in pari delicto.

## SEVENTEENTH ADDITIONAL DEFENSE
### (Motor Carrier Exemption)

17. Plaintiff's claims for failure to pay overtime pursuant to the Fair Labor Standards Act are barred in whole or in part pursuant to 29 U.S.C. § 213(b)(1).

## EIGHTEENTH ADDITIONAL DEFENSE
### (De Minimis)

18. Plaintiff's claims are barred in whole or in part because the amount of time for which they seek compensation is de minimis. *IBP v. Alvarez*, 126 S.Ct. 514 (2005).

## NINETEENTH ADDITIONAL DEFENSE
### (Failure To File Opt-In Certification)

19. Plaintiff's claims for relief under the FLSA are barred to the extent that Plaintiff and the putative FLSA Plaintiff Class have not filed the required written opt-in certification to proceed as a collective action pursuant to 29 U.S.C. § 216(b).

## TWENTIETH ADDITIONAL DEFENSE
### (Accord and Satisfaction)

20. Plaintiff's claims are barred in whole or in part by accord and satisfaction.

## TWENTY-FIRST ADDITIONAL DEFENSE
### (Release)

21. The claims of some putative class and/or collective action class members are barred, in whole or in part, because, in exchange for a good and valuable consideration, they released Defendants from all liability to them for the claims alleged in the First Amended Complaint.

## TWENTY-SECOND ADDITIONAL DEFENSE

### (Jurisdiction/Arbitration)

22. Plaintiffs' claims for relief are barred to the extent that Plaintiffs and/or members of the putative collective action and class action executed agreements requiring them to arbitrate their claims.

## TWENTY-THIRD ADDITIONAL DEFENSE

### (Reservation of Rights)

23. Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its answer to assert any such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That all relief requested in the First Amended Complaint be denied;
2. That Plaintiffs take nothing by virtue of this action;
3. For costs of suit and attorneys' fees incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated: September 30, 2008          WINSTON & STRAWN LLP

By:  /s/
Jessie A. Kohler
Attorneys for Defendant
WELLS FARGO FINANCIAL, INC. and WELLS FARGO FINANCIAL CALIFORNIA, INC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543