Charles G. Frohman (MN State Bar No. 0386695)
(admitted *pro hac vice*)
frohman@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-215-6870

E-FILED 04/21/09

Attorneys for Plaintiffs
Additional Counsel Listed on the Following Page

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Camila Dizon, Darius Brown, Joel Carlucci, Antoinette Washington, and Maria Vicuna,<br><br>Plaintiffs,<br><br>v.<br><br>Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance,<br><br>Defendants. | Case No: CV08-02435 ~~GPS BJW~~x  PSG<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>1)   **Violation of Fair Labor Standards Act, 29 U.S.C. Section 201** *et seq.*<br><br>2)   **Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194.**<br><br>3)   **Cal. Labor Code §§ 201, 202 & 203.**<br><br>4)   **Cal. Labor Wage Order No. 4; Cal. Labor Code §§ 226, 1174, 1174.5.**<br><br>5)   **California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

SECOND AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE

Toni J. Jaramilla (CA State Bar No. 174625)
toni@tjjlaw.com
LAW OFFICES OF TONI JARAMILLA
10100 Santa Monica Blvd, Suite 300
Los Angeles, CA 90067
Telephone: 310-551-3019
Facsimile: 310-551-3019

Donald H. Nichols (MN State Bar No. 78918)
nichols@nka.com
(admitted *pro hac vice*)
Paul J. Lukas (MN State Bar No. 22084X)
(admitted *pro hac vice*)
lukas@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-215-6870

**Attorneys for Plaintiffs**

**PRELIMINARY STATEMENT**

1. Plaintiffs Camila Dizon, Darius Brown, Joel Carlucci, Antoinette Washington, and Maria Vicuna (collectively "Plaintiffs"), were employed by Defendants Wells Fargo Financial, Inc. and Wells Fargo Financial California Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance (collectively "Defendants"), in the positions of "Credit Manager" and/or "Loan Processor." Plaintiffs were covered, non-exempt employees under Fair Labor Standards Act ("FLSA") and California laws and are entitled to overtime pay consistent with the requirements of this law.

2. During Plaintiffs' employment,[1] Defendants failed to pay appropriate overtime compensation to Plaintiffs as required by state and federal law. Plaintiffs seek relief under the Fair Labor Standards Act and California laws, to remedy Defendants' failure to pay all wages due, pay appropriate overtime compensation, and follow the FLSA's/law's recordkeeping requirements, in addition to injunctive relief.[2]

**THE PARTIES**

3. Plaintiff Camila Dizon resides in West Lake Village, California (Los Angeles County). She was employed by Defendants as a Credit Manager from approximately July 2005 to approximately March 2006 in San Fernando and Northridge, California (Los Angeles County). Upon information and belief, Plaintiff Dizon did not sign a valid or binding arbitration agreement with Defendants.

4. Plaintiff Darius Brown currently resides in Henderson, Nevada (Henderson Clark County). He was employed by Defendants as a Credit Manager from

---

[1] Pursuant to an order of the Court in the related matter of *Castle, et. al. v. Wells Fargo Financial, Inc. et al.*, Case No. 3:06-cv-4347 (N.D. Cal. 2008) (Illston, J.) which has preclusive, collateral estoppels effect here, Plaintiffs will have the statute of limitations tolled for specific periods of time.

[2] Plaintiffs' meal and rest period claims are encompassed in the *Castle* matter. If a statewide class is not certified in *Castle*, then named and opt-in Plaintiffs in this matter will seek to assert their California claims here.

-2-

1  approximately June 2004 to approximately December 2004 in Northridge, California (Los Angeles County). Upon information and belief, Plaintiff Brown did not sign a valid or binding arbitration agreement with Defendants.

5. Plaintiff Joel Carlucci currently resides in San Diego, California (San Diego County). He was employed by Defendants as a Credit Manager from approximately June 2005 to approximately September 2005 in Costa Mesa, California (Orange County), and as a Credit Manager from approximately October 2005 to approximately January 2006 in Huntington Beach, California (Orange County). Upon information and belief, Plaintiff Carlucci did not sign a valid or binding arbitration agreement with Defendants.

6. Plaintiff Antoinette Washington resides in Los Angeles, California (Los Angeles County). She was employed by Defendants as a Loan Processor from approximately October 2005 to approximately December 2005 in Canyon Country, California (Los Angeles County). Upon information and belief, Plaintiff Washington did not sign or binding arbitration agreement with Defendants.

7. Plaintiff Maria Vicuna resides in Long Beach, California (Los Angeles County). She was employed by Defendants as a Credit Manager from approximately June 2006 to approximately December 2006 in Long Beach, California, Torrence California, and Stanta Ana, California. Upon information and belief, Plaintiff Vicuna did not sign a binding arbitration agreement with Defendants.

8. Upon information and belief, Defendants Wells Fargo Financial, Inc. and Wells Fargo Financial CA, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, are companies doing business in and maintaining branches in the State of California, including facilities in Los Angeles, Riverside, and Orange Counties.

9. Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representative partner, integrated enterprise with, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Defendants had interrelated operations, common management, centralized control of labor relations, and common financial control. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 201 *et seq*. Plaintiffs have signed consent forms to join this lawsuit. The Court has supplemental jurisdiction over Plaintiffs' California state law claims under 28 U.S.C. §1367, inasmuch those claims derive from the same nucleus of operative facts as the Plaintiffs' FLSA claims.

11. Venue is proper in the United States District Court, Central District Court of California, pursuant to 28 U.S.C. § 1391, because Defendants operate facilities in Los Angeles, Riverside, and Orange Counties, and because a substantial part of the events giving rise to the claims occurred in this district.

## FLSA ALLEGATIONS

12. Upon information and belief, Defendants suffered and permitted Plaintiffs to work more than forty hours per week without appropriate overtime compensation.

13. Upon information and belief, Defendants knew that Plaintiffs performed work that required overtime pay.

14. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damage to Plaintiffs.

## CALIFORNIA LAW ALLEGATIONS

15. Plaintiffs routinely worked more than 40 hours per week or over 8 hours a day, and were required to work overtime hours without compensation.

16. Defendants failed to pay appropriate overtime compensation in compliance with state laws, failed to maintain accurate time records of hours worked by Plaintiffs, failed to issue accurate itemized wage statements, and otherwise violated California's wage and hour laws.

17. Defendant's actions were willful and in bad faith, and has caused significant damage to Plaintiffs.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

18. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

19. Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).

20. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed Plaintiffs. At all relevant times, upon information and belief, each Defendant has had gross operating revenues in excess of $500,000.00.

21. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

22. During their employment with Defendants within the applicable statute of limitations, Plaintiffs worked in excess of forty hours per workweek. Despite the hours worked by Plaintiffs, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

23. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, and 29 C.F.R. §516, *et seq.*

24. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

25. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus tolling, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

26. Plaintiffs seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### CALIFORNIA STATE LABOR CODE
### Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194,

27. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

28. Cal. Labor Code §§ 510 and 1194, Cal. Wage Order No. 4, and other provisions of California law require employers, such as Defendants, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week, or over eight per day.

29. Plaintiffs are non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

30. During Plaintiffs' employment, Plaintiffs worked in excess of eight hours in a work day and/or forty hours in a work week.

31. During Plaintiffs' employment, Defendants failed and refused to pay Plaintiffs proper overtime compensation for overtime hours worked.

32. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, payment for prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### THIRD CLAIM FOR RELIEF
### CALIFORNIA WAGE PAYMENT PROVISIONS OF LABOR CODE
### Cal. Labor Code §§ 201, 202 & 203

33. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

34. California Labor Code §§ 201 and 202 require Defendants to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

35. Plaintiffs are entitled to unpaid compensation, but to date have not received such compensation.

36. More than thirty days have passed since Plaintiffs left Defendants' employ.

37. As a consequence of Defendants' willful conduct in not paying proper compensation for all hours worked, Plaintiffs are entitled to thirty days'

wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
### CALIFORNIA RECORD KEEPING PROVISIONS OF LABOR CODE
### Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 1174, 1174.5

38. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

39. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiffs in accordance with Labor Code § 226(a) and the IWC Wage Orders. Such failure caused injury to Plaintiffs by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. At all times relevant herein, Defendants have failed to maintain records of hours worked by Plaintiffs as required under Labor Code § 1174(d).

40. Plaintiffs are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a) and 1174(d), and further seek the amount provided under Labor Code 226(e) and 1174.5, including the greater of all actual damages or fifty dollars for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

### FIFTH CLAIM FOR RELIEF
### (California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*,)

41. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

42. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

43. Beginning at a date unknown to Plaintiffs, Defendants committed, and continue to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendants' conduct as herein alleged has injured Plaintiffs by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiffs.

44. Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL: California Labor Code § 1194; Relevant Wage Orders; California Labor Code §§ 201, 202, 203, 204, and 226; California Labor Code § 1174; and California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

45. Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

46. The harm to Plaintiffs in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and therefore, Defendants' actions described herein constitute unfair business practices or acts within the meaning of the UCL.

-9-

## PRAYER FOR RELIEF

47. WHEREFORE, Plaintiffs pray for relief as follows:

A. That Defendants are found to have violated the overtime provisions of the Federal Fair Labor Standards Act and California laws as to Plaintiffs;

B. That Defendants are found to have violated the FLSA by failing to follow the FLSA's recordkeeping requirements;

C. That Defendants' violations as described above are found to be willful;

D. An award to Plaintiffs for the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial;

E. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

48. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: April 9, 2009           s/ Charles G. Frohman

                                        Charles G. Frohman (MN State Bar No. 0386695)
                                      (admitted *pro hac vice*)
                                      NICHOLS KASTER, PLLP
                                      4600 IDS Center
                                      80 S. 8th Street
                                      Minneapolis, MN 55402

                                      Toni Jaramilla, CA State Bar No. 174625
                                      LAW OFFICES OF TONI JARAMILLA
                                      10100 Santa Monica Blvd, Suite 300
                                      Los Angeles, CA 90067

                                      Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE
<u>Dizon, et al. v. Wells Fargo Financial, Inc. et al.</u>

I hereby certify that on April 9, 2009, I caused the following document(s):

**Second Amended Complaint For Damages, Restitution And Injunctive Relief**

to be served via email and U.S. Mail postage prepaid to the following:

Joan B. Tucker Fife,
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802
jfife@winston.com

Jessie A. Kohler
Winston & Strawn LLP
333 South Grand Ave
Los Angeles, CA 90071-1543
jkohler@winston.com

Dated: April 9, 2009          NICHOLS KASTER, LLP


                              s/ Charles G. Frohman
                              Charles G. Frohman (MN State Bar No. 0386695)
                              NICHOLS KASTER, PLLP
                              4600 IDS Center
                              80 S. 8th Street
                              Minneapolis, MN 55402

                              ATTORNEYS FOR PLAINTIFFS